IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00378-WYD-MEH

ZAMBEZIA FILM (PTY.), LTD.,

    Plaintiff,

v.

DOES 1-31,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 23, 2013.**

    Defendant "John Doe's" Motion to Quash or Modify Subpoena [filed May 22, 2013; docket #23] is **denied without prejudice** for the following reasons.

    First, the motion fails to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that John Doe (who does not identify him/herself by number) seeks to proceed in this litigation anonymously.  However, he has failed to properly seek permission from the Court to do so.[1]  *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").  Therefore, if John Doe wishes to re-file the motion to quash in accordance with this order and all applicable local and federal court rules, John Doe may do so **on or before June 6, 2013** and must first (or contemporaneously) file a separate motion to proceed anonymously in accordance with Rule 11(a).  With such filing, John Doe must provide to the Court

---

[1] Although Defendant requests permission to file the motion "without revealing [his] personally identifying information," such unsupported request fails to comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion") and the law cited herein.

his name, address, telephone number and email address in the form of a separate written "supplement" to the motion.[2] If John Doe wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.

Second, John Doe failed to attach a copy of the challenged subpoena to the present motion for the Court's consideration. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). It is unclear from the present record whether this Court is authorized to quash the subpoena disputed in the motion. Therefore, if John Doe chooses to re-file the motion, the Court instructs John Doe to attach to the motion a copy of the challenged subpoena.

The Court warns the parties that it may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

[2] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket. The motion must comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion").